UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

UNITED STATES OF AMERICA,

**Hon. Hugh B. Scott**

15CR67V

v.

**Order**

CHAD WEISHAN, et al.,

Defendants.

———————————————————————

This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 2).   This case later was reassigned to Judge Lawrence Vilardo (Docket entry, Nov. 12, 2015).

The instant matter before the Court is the defendant Chad Weishan's omnibus motion (Docket No. 44) which seeks the following relief:   the filing a Bill of Particulars; discovery, production of Federal Rules of Evidence 403, 404(b), 609, 702, 703, and 705 disclosures; production of <u>Brady</u> and <u>Giglio</u> materials; identify informants; timely production of Jencks Act materials.   Defendant also moves to suppress various pieces of evidence; this Order considers whether these motions should go forward and have an evidentiary hearing.   (<u>Id.</u>)

The Government has filed responding papers (also seeking reciprocal discovery, Docket No. 49, Gov't Response[1] at 35-37), and oral argument was heard on December 11, 2015, and the motions were deemed submitted (Docket No. 50).   Codefendants Reed and Kazmark did not file motions.

## BACKGROUND

Defendant Chad Weishan ("defendant") was charged with defendants Julie Reed and Jessica Kazmark with conspiracy to possess with intent to distribute and to distribute controlled substances (fentanyl, oxycodone, carisoprodol, and alprazolam), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(2), from November 2013 to May 23, 2014, and (with Reed) one count of possession with intent to distribute controlled substances (fentanyl, oxycodone, and carisoprodol), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(2), and 18 U.S.C. § 2, on May 22, 2014 (Docket No. 1, Indict.).

## DISCUSSION

I.     Bill of Particulars

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars.   Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. United States v. Torres, 901 F.2d 205 (2d Cir. 1990).   The Government is not obligated to "preview its case or expose its legal theory," United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977), through a Bill of Particulars; nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967).   Notwithstanding the

---

[1]The first seven pages of the Government's response are not paginated.

above, there is a special concern for particularization in conspiracy cases, <u>United States v.</u>

<u>Davidoff</u>, 845 F.2d 1151 (2d Cir. 1988), as alleged here.

Defendant seeks particulars regarding the conspiracy and continuing criminal enterprise

alleged (Docket No. 44, Def. Atty. Affirm. ¶ 5).   The Government responds that this request has

to be viewed with the voluntary discovery produced by the Government to defendant and with the

Government concluding that sufficient material has been produced that particularization is

unnecessary (Docket No. 49, Gov't Response at third unnumbered page).

Upon review of the Indictment, the Court finds that defendant **is not entitled** to a Bill of

Particulars inasmuch as the defendant is sufficiently advised of the charges against him to allow

for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from

double jeopardy.

II.     Discovery

Defendant seeks various items of pretrial discovery, conceding that the Government has

produced discovery (Docket No. 44, Def. Atty. Affirm. ¶ 6; <u>see</u> Docket No. 49, Gov't Response at

second unnumbered page).   Although there is no general constitutional right to pretrial discovery

in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain

matters.   For example, under the Fifth Amendment's Due Process Clause, a defendant is entitled

to specific exculpatory evidence which is material either to guilt or punishment.   In addition, the

Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal

Procedure and the Jencks Act, 18 U.S.C. § 3500.

Pursuant to Rule 16(a)(1)(A) defendant seeks any written or oral statements made by the defendant which are within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government.

Rule 16(a)(1)(A) provides that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by any person known to the defendant to be a Government agent; and recorded testimony of the defendant before the grand jury which relates to the offense charged.[2]   Failure of the Government to disclose a defendant's statements to a Government agent may rise to the level of constitutional due process violation. Clewis v. Texas, 386 U.S. 707 (1967).

In this case, the Government has represented that it believes that it has already disclosed all statements made by defendant.   To the extent that the Government has not yet done so, pursuant to Rule 16 (a)(1)(A) the Government is hereby directed to produce all such statements made by defendant.

A.      Statements of Co-Conspirators

Defendant has also requested production of all statements of any co-conspirator, whether charged or uncharged (Docket No. 44, Def. Atty. Affirm. ¶¶ 8-9).   This request is **denied**.   It is well established that the statements of co-conspirators are not discoverable under Rule 16(a).   In re United States, 834 F.2d 283, 286 (2d Cir. 1987); United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631, 638 (W.D.N.Y. 1992) (Heckman, Mag. J.). The Jencks Act provides the exclusive procedure for discovering statements that Government

---

[2] Rule 16 (a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500, the Jencks Act.

witnesses have given to law enforcement agencies.   <u>United States v. Covello</u>, 410 F.2d 536, 543

(2d Cir.), <u>cert. denied</u>, 396 U.S. 879 (1969).

B.    Documents and Tangible Objects

Pursuant to Rule 16(a)(1)(C), defendant also seeks production of various documents,

books, records, photographs, and other tangible objects in the possession, custody or control of the

Government.   Defendant identifies several specific categories of items which they seek to be

produced.

The Government's response to these specific requests is that voluntary discovery has been

produced (Docket No. 49, Gov't Response at 12-13).

C.    Hearsay Evidence

Defendant seeks disclosure of any hearsay evidence intended to be introduced by the

Government at trial (Docket No. 44, Def. Atty. Affirm. ¶ 10).   There is no legal or factual basis

requiring disclosure of such material in this case.   <u>See</u> <u>Green</u>, <u>supra</u>,144 F.R.D. at 638.   Thus, this

request is **denied**.

D.    Identification Procedures

Defendant seeks disclosure of any visual or audio identification procedures utilized in this

case; specifying the procedure, the participants and the circumstances; any visual or audible

representation of a person or voice used for identification purposes (Docket No. 44, Def. Atty.

Affirm. ¶ 17).

The Government has not directly responded to this specific request.

The record in this case does not reflect whether or not any such procedures were used. The

Government's complete lack of response on this issue does not provide the court with any

assistance in this regard.   In any event, inasmuch as pretrial identification issues may raise

questions of due process under the Fifth and Fourteenth Amendments, with the exception of the

identity of any informant or witness, the Government is directed to provide defendant with

information regarding any visual or audio identification procedures used in this case. See Green,

supra, 144 F.R.D. at 639.

      E.     Disclosure of Expert Materials

Pursuant to Rule 16(a)(1)(E), defendant seeks a written summary of any expert testimony

that the Government intends to use in its direct case, along with the expert's qualifications, and the

basis for the expert's opinion, whether or not the expert files a report (see Docket No. 44, Def.

Atty. Affirm. ¶ 15).

      Once again, the Government fails to directly respond to this request in any way.

      This request is **granted**.

III.    Federal Rules of Evidence Disclosures

      Defendant next requests the Government disclose all evidence of prior bad acts that the

Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b).

Defendant also requests disclosure of all evidence of prior bad acts that the Government intends to

use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and

609(a).   (Docket No. 44, Def. Atty. Affirm. ¶ 48.)

      Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or

during trial if the court excuses pretrial notice on good cause shown, of the general nature of any

such evidence it intends to use at trial."   The Government states that defendant has his criminal

record and is thus aware of Rule 608(d) and 609 materials (Docket No. 49, Gov't Response at 20).

The Government has represented that it will provide all such material to the defendant at the time of the pretrial conference in this case.   **This is sufficient in this case**.

Defendant also seeks a list of Government expert witnesses, under Federal Rules of Evidence 702, 703, and 705 (Docket No. 44, Def. Atty. Affirm. ¶ 50).   The Government is willing to disclose forensic reports and provide experts' credentials in a timely fashion (Docket No. 49, Gov't Response at 17).

IV.    Production of <u>Brady</u> Material

Defendant has requested that the Government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the Government's witnesses, as required under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.   <u>Brady</u> material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment.   Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness."   <u>United States v. Kiszewski</u>, 877 F.2d 210 (2d Cir. 1989).

Defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment <u>Brady</u> materials which is sought to be obtained.   The Government's written response is that it is aware of its <u>Brady</u> obligations but is unaware of any <u>Brady</u> material (Docket No. 49, Gov't Response at 23-24).   The Government also intends to disclose directly exculpatory material as it becomes aware of it (<u>id.</u> at 25).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie <u>Brady</u> mandate that the Court have some discretion with respect to

the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material.   Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided."   United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex.   Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

V.       Identity of Informants

Defendant seeks the pre-trial disclosure of the identity of any informants in this case (Docket No. 44, Def. Atty. Affirm. ¶¶ 55-57).   The Government argues that defendant has not put forth sufficient material for a "concrete justification" for their disclosure motion (Docket No. 49, Gov't Response at 26, 27).   The Government offers to provide its witness list, as scheduled by the Court's final pretrial Order, as well as Jencks Act materials as scheduled by the Court (id. at 28). The Government is not required to furnish the identities of informants unless it is essential to the defense.   Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.), cert. denied, 489 U.S. 1089 (1988) (see id. at 25-26).   Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial.   United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990).   Moreover, the Government has

stated that it believes that disclosure of the informant's identification would subject the informant to personal danger from retribution by the defendant and others.

Defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense.   This request is **denied**.

VI.   Jencks Act

Defendant seeks early disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500, at least 48 hours before trial (Docket No. 44, Def. Atty. Affirm. ¶ 70).   The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses.   Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial.   In this case, the Government has agreed to disclose this information at the pretrial conference pursuant to local practices (Docket No. 49, Gov't Response at 29).   Defendant **has not established** that prior disclosure of Jencks material is essential to the preparation of a defense in this case.

VII.   Suppression Motions

Defendant moved to suppress his statements, alleging that, despite being advised of his <u>Miranda</u> rights and signed consent forms to search his telephone, defendant felt intimidated in rendering the statements and signing the consent forms.   On June 12, 2014, at approximately 10 am, defendant was confronted by agent Cory Higgins and asked if he had drugs on his person (Docket No. 44, Def. Atty. Affirm. ¶ 75).   About five minutes later, defendant was advised of his <u>Miranda</u> warnings and defendant gave permission to search 30 North Odgen Street, Buffalo, New York (<u>id.</u> ¶¶ 76, 75).   At 10:13 am, defendant was advised of his rights again and was given a waiver of rights form to sign (<u>id.</u> ¶ 77) to authorize search of his cellular telephone (<u>id.</u> ¶ 78).

9

Defendant was taken to DEA headquarters in downtown Buffalo and his cell phone was seized (id. ¶¶ 80-81).   During questioning, defendant claims that he was told that he was not telling the truth and, as a result, that would cause problems in the case (id. ¶ 82).   Agents surrounded defendant and, "in a nervous threatened state without the ability to leave," defendant felt "nervous, concerned, and agitated and signed the statement" (id. ¶ 83).   He seeks to have his confession statement suppressed because it was the product of coercion (id. ¶¶ 84-85).   He also seeks suppression of physical evidence seized at 30 North Ogden, including evidence obtained from his iPhone (id. ¶¶ 86-93).   He also seeks suppression as a result of coercion, and the suppression of physical evidence (id. ¶¶ 89, 90-92).

The Government responds that defendant was advised of his rights and voluntarily made his statements and consented to search (Docket No. 49, Gov't Response at 31-32, 32-34).

The immediate issue is whether defendant has a basis for an evidentiary hearing.   As commentators note "A defendant challenging the voluntariness of a confession has a right to 'a fair hearing and a reliable determination on the issue of voluntariness,'" Gordon Mehler, John Gleeson & David C. James, Federal Criminal Practice:   A Second Circuit Handbook § 7-2, at 134 (15th ed. 2015) (hereinafter "Second Circuit Handbook"); Jackson v. Denno, 378 U.S. 368, 377 (1964). That defendant is entitled to a hearing if his "papers raise a 'sufficiently definite, specific, detailed, and nonconjectural' factual basis for the motion," Second Circuit Handbook, supra, § 17-10, at 317-18; see United States v. Pena, 961 F.2d 333, 339 (2d Cir. 1992).   But a hearing may be denied if defendant fails to create a dispute over a material fact, Second Circuit Handbook, supra, at 318; see United States v. Caming, 968 F.2d 232, 236 (2d Cir. 1992), or if the defendant fails to submit an affidavit to support factual allegations, Second Circuit Handbook, supra, at 318; see United

States v. Gillette, 383 F.2d 843, 848 (2d Cir. 1967); or if the issue is one purely of law, Second

Circuit Handbook, supra, at 318; see United States v. Warren, 453 F.2d 738, 742-43 (2d Cir.

1973).

Here, defendant concedes that he was advised of his Miranda rights but contends that he

was coerced in making his statements.   His motion did not include an affidavit from the defendant

asserting these facts.   Absent a sworn statement from defendant as to his counsel's assertions, his

motion for a suppression hearing for his statements is **denied**.

As for the search and seizure of the physical evidence, a warrantless search if "the

authorities have obtained the voluntary consent of a person authorized to grant such consent" does

not violate the Fourth Amendment, United States v. Elliott, 50 F.3d 180, 185 (2d Cir. 1995); see

Second Circuit Handbook, supra, § 40-5, at 666-67.   The Government must prove, by a

preponderance of the evidence, that consent was voluntary, see Second Circuit Handbook, supra,

at 667; see United States v. Isiofia, 370 F.3d 226, 230 (2d Cir. 2004).   Consent to search need only

be voluntary, "that is, obtained without coercion," Second Circuit Handbook, supra, at 667, and

voluntariness is determined by the totality of circumstances, "with an eye toward whether the

consent was a product of free choice 'rather than a mere acquiescence in a show of authority,'" id.;

United States v. Wilson, 11 F.3d 346, 351 (2d Cir. 1993).   Factors for this determination of the

circumstances include the suspect's age, education, background, physical and mental condition,

and "the setting in which consent is obtained," Second Circuit Handbook, supra, at 667; see

Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973).

A hearing **is not warranted** here to determine the circumstances surrounding whether

defendant voluntarily consented to the search.   As with his motion to suppress his statements,

defendant does not include his own affidavit as to the facts alleged surrounding the voluntariness of the consent to search.

VIII.    Motion to Join Codefendants' Motions

Defendant moved to join codefendants' motions, but these defendants have not moved.

IX.    Government's Request for Reciprocal Discovery

The Government cross-moves for reciprocal discovery from the moving defendant (Docket No. 49, Gov't Response at 35-37), without any apparent objection by him.   Under Rule 16, the Government is entitled to production of documents in a defendant's possession that the defendant intends to use in his case-in-chief.   Defendant is reminded of his or her obligations under Rule 16 to produce pursuant to the Government's notice for discovery, therefore, the Government's motion (Docket No. 49, Gov't Response at 35-37) is **granted**.

## CONCLUSION

For the reasons stated above, defendant Weishan's omnibus motion (Docket No. 44) is **granted in part, denied in part**, as specified above.   In particular, defendant **is not entitled to suppression hearings** as to his motions to suppress his statements or the physical evidence.   The Government's cross-motion (Docket No. 49, Gov't Response at 35-37) for reciprocal discovery is **granted**.

So Ordered.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated:   Buffalo, New York
January 6, 2016

12